No. 25,354.

THE KANSAS FLOUR MILLS COMPANY, *Appellant*, v. C. D. FOSTER, NOAH L. BOWMAN, and J. M. RYAN, constituting the STATE TAX COMMISSION; THE COUNTY COMMISSIONERS OF DICKINSON COUNTY et al., *Appellees*.

SYLLABUS BY THE COURT.

EQUALIZATION OF TAXES—*Power of State Tax Commission to Equalize Assessment of Real Property Every Year*. The state tax commission, sitting as a state board of equalization at its regular session in 1923, had power and authority, upon application by the board of county commissioners and upon notice to the property owners and after a full hearing, to equalize between persons, firms or corporations in the same taxing district the assessed value of real property and improvements thereon made at the regular assessment in 1922.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed July 5, 1924. Affirmed.

*J. B. Larimer*, of Topeka, *T. A. Noftzger, George W. Cox,* and *Benjamin F. Hegler,* all of Wichita, for the appellant.

*C. B. Griffith*, attorney-general, *Donald W. Stewart,* assistant attorney-general, and *Dennis Madden*, special prosecutor, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: The sole question presented by this case is the power of the state board of equalization to equalize the assessment of real property in the year in which it had not been assessed.

In this state real property ordinarily is assessed every four years. (R. S. 79-402.) The real property of the appellant, situated in Dickinson county, was assessed in 1922 for $93,640, and taxes were paid on that valuation for that year. In 1923 the board of county commissioners made application to the state tax commission, sitting as a state board of equalization, to equalize the assessment of appellant's real estate for the year 1923 by increasing the same $100,000. The state board of equalization at their regular July, 1923, session heard such application, and appellant, having been notified thereof, appeared by its president and counsel and protested such action. At the hearing evidence both oral and documentary was introduced, and after consideration thereof the state board of equalization found:

"That the said real estate and real-estate improvements of the said Kansas

Flour Mills Co. v. State Tax Commission.

Flour Mills Company have not been properly equalized with the assessed value of other taxable property in the county, and that to properly equalize the same on a parity with the assessments of other property of persons, firms and corporations in the county and assessment district where said property is located, and between different counties of the state, the valuation on said real estate and real-estate improvements should be equalized at 204.7 per cent of the valuation placed thereon by the deputy assessor of said Dickinson County. . . ."

The state board of equalization ordered· a changed assessment in accordance with their finding, and this had the effect of increasing the assessed valuation of appellant's property to $191,680.

Shortly after such order was made the appellant brought suit in the district court of Shawnee county to enjoin the placing upon the tax rolls and the collection of the taxes upon the increased assessment, for the reason that the state board of equalization had no power or authority to make such order. After issues were joined the matter was heard by the court upon an agreed statement of facts, which set forth in substance the facts above stated. The court rendered judgment for the defendants, and plaintiff has appealed.

No complaint is now made that the action of the state board of equalization was unjust or inequitable in any respect. The sole contention of appellant here is that the state board of equalization in 1923 had no power or authority to equalize taxes upon real property which had been assessed in 1922 (and not reassessed in 1923.) It is argued that a board of equalization sits for the purpose of equalizing assessments made at the last assessment directly prior thereto, and that when the board completes its session as a board of equalization upon an assessment and adjourns ·sine die it has no power in a subsequent year, without a new assessment of the property, to again sit as a board of equalization upon such assessment.

The question is to be determined solely by the construction of our statute. No authorities have been cited which aid in the solution of the question. The statute provides that the state tax commission shall constitute a state board of equalization—

"And shall equalize the valuation and assessment of property throughout the state; and shall have power to equalize the assessment of all property in this state between persons, firms or corporations of the same assessment district. . . . It shall be the duty of the tax commission to meet in its office on the second Wednesday in July of each year to perform the work of equalization as hereinbefore provided. . . ." (R. S. 79-1409.)

This specific duty imposed upon. the state board of equalization

34—116 Kan.

to meet each year and equalize the valuation and assessment of property throughout the state, and the specific power here conferred to equalize the valuation and assessment between persons, firms or corporations of the same assessment district, should not be taken away nor held nugatory by inference. To save expense of actually making the valuation and assessment of real property each year, ordinarily that is done every four years, but when so done the valuation and assessment made is the assessment for each of the succeeding three years. This plan of saving expense in the actual work of making the assessment does not destroy the power of equalization each year, and the statute specifically confers such power upon the state board of equalization. A study of other provisions of the statute shows clearly that all property not exempt is to be taxed each year, and elaborate provisions have been enacted to accomplish that purpose. As omissions or grievous errors in the matter of equalization are likely to occur, as they do occur in the matter of valuation and assessment, the legislature has required the state board of equalization to sit each year, and empowered it to equalize the valuation and assessment between persons, firms or corporations in the same assessment district, as well as between districts. When this power is exercised fairly, upon proper notice and after a full hearing, there can be no objection to its use.

The judgment of the court below is affirmed.